## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-01250-SCT

*BILL RUSH ROUNSAVILLE*

*v.*

*PATSY (CLARK) ROUNSAVILLE*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/19/97 |
| TRIAL JUDGE: | HON. WILLIAM H. MYERS |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL V. RATLIFF |
| ATTORNEY FOR APPELLEE: | SHERRA L. HILLMAN |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 1/21/99 |
| MOTION FOR REHEARING FILED: | 2/4/99 |
| MANDATE ISSUED: | 4/15/99 |

**BEFORE PITTMAN, P.J., SMITH AND MILLS, JJ.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On July 19, 1996 Patsy Rounsaville ("Patsy") and Bill Rounsaville ("Bill") appeared before the Chancery Court of Greene County in a divorce proceeding. On that date, the chancery court entered an Agreed Judgment of Divorce between the parties on the ground of irreconcilable differences. The Agreed Judgment of Divorce provided that:

> The parties hereto, Patsy Clark Rounsaville and Bill Rush Rounsaville, are entitled to and hereby are awarded a divorce absolute each from the other on the statutory grounds of irreconcilable differences.

> The parties hereto and their counsel have agreed that matters of permanent custody, support and visitation of the minor child of the parties and division and distribution of the marital property of the parties is hereby reserved to determine whether the parties are able to make an agreed settlement and division of these matters and the parties are given thirty (30) days in which to do so. Should the parties not be able to reach an agreement concerning all remaining issues herein within thirty (30) days from the hearing hereof, then either party may petition the Court to resolve all remaining issues.

¶2. The Agreed Judgment of Divorce further provided that temporary custody of the child of the parties would be vested in Patsy. A visitation schedule was provided for Bill. It further provided that Bill would pay $125.00 per week in child support. Patsy retained temporary possession of the marital home. Both Patsy

and Bill were represented by counsel in the chancery court, and both signed the Agreed Judgment of Divorce.

¶3. Thereafter on September 20, 1996, the parties entered into a Child Custody, Support, and Property Settlement Agreement. This agreement made certain provisions for the care, custody, and support of the child of the parties. It also provided for division of the property owned by the parties and accumulated during the marriage. On the same day the parties entered into the Child Custody, Support and Property Settlement Agreement, the Chancellor entered a Final Judgment approving the agreement. Again, the parties were represented by counsel and signed the Final Judgment.

¶4. On February 21, 1997, Patsy remarried. On April 10, 1997, Bill filed a Notice of Withdrawal of Agreement to Property Settlement and Motion to Set Aside Judgment of Divorce and Child Custody, Support and Property Settlement Agreement or in the Alternative to Modify Child Support to Comply with Support Guidelines. Bill argued that at the time of the entry of the Agreed Judgment of Divorce, the parties had not entered into an agreement concerning child support and property rights of the parties, and that therefore the parties had not complied with the statutory requirements of Miss. Code Ann. § 93-5-2 (1994) , rendering the divorce null and void. Bill also asserted that the amount of child support exceeded the statutory guidelines and should be amended.

¶5. Patsy filed an Answer to Bill's Notice of Withdrawal of Agreement on April 29, 1997. On September 19, 1997, the Chancellor denied Bill's Motion to Set Aside the divorce and for modification of child support. Bill appeals from this Order alleges the following errors:

**I. THE COURT ERRED IN GRANTING A DIVORCE ON THE GROUND OF IRRECONCILABLE DIFFERENCES BECAUSE THE PARTIES HAD NOT ENTERED INTO A PROPERTY SETTLEMENT AGREEMENT NOR HAD THE COURT ADJUDICATED THE ISSUES BETWEEN THEM WHEN IT ENTERED THE JUDGMENT OF DIVORCE CONTRARY TO THE TERMS OF MISS. CODE ANN. § 93-5-2.**

**II. THE COURT ERRED IN ENTERING ITS JUDGMENT DENYING BILL'S MOTION TO SET ASIDE JUDGMENT OF DIVORCE AND CHILD CUSTODY, SUPPORT, AND PROPERTY SETTLEMENT AGREEMENT AND TO MODIFY CHILD SUPPORT TO COMPLY WITH SUPPORT GUIDELINES.**

## DISCUSSION OF THE ISSUES

**I. THE COURT ERRED IN GRANTING A DIVORCE ON THE GROUND OF IRRECONCILABLE DIFFERENCES BECAUSE THE PARTIES HAD NOT ENTERED INTO A PROPERTY SETTLEMENT AGREEMENT NOR HAD THE COURT ADJUDICATED THE ISSUES BETWEEN THEM WHEN IT ENTERED THE JUDGMENT OF DIVORCE CONTRARY TO THE TERMS OF MISS. CODE ANN. § 93-5-2.**

**II. THE COURT ERRED IN ENTERING ITS JUDGMENT DENYING BILL'S MOTION TO SET ASIDE JUDGMENT OF DIVORCE AND CHILD CUSTODY, SUPPORT, AND PROPERTY SETTLEMENT AGREEMENT AND TO MODIFY CHILD SUPPORT TO COMPLY WITH SUPPORT GUIDELINES.**

¶6. Miss. Code Ann. § 93-5-2 (1994) provides a procedure whereby the parties may divorce on the

ground of irreconcilable differences. The statute provides, in pertinent part, that:

> (2) If the parties provide by written agreement for the custody and maintenance of any children of that marriage and for the settlement of any property rights between the parties and the court finds that such provisions are adequate and sufficient, the agreement may be incorporated in the judgment, and such judgment may be modified as other judgments for divorce.

> (3) If the parties are unable to agree upon adequate and sufficient provisions for the custody and maintenance of any children of that marriage or any property rights between them, they may consent to a divorce on the ground of irreconcilable differences and permit the court to decide the issues upon which they cannot agree...**No divorce shall be granted pursuant to this subsection until all matters involving custody and maintenance of any child of that marriage and property rights between the parties raised by the pleadings have been either adjudicated by the court or agreed upon by the parties and found to be adequate and sufficient by the court and included in the judgment of divorce**.

Miss. Code Ann. § 93-5-2 (1994)(emphasis added).

¶7. Bill argues that at the time of the granting of the divorce, "the parties had not entered into a Property Settlement Agreement nor had the court adjudicated the issues as required under the statute." Therefore, he argues the Chancellor had no authority to enter a Judgment of Divorce. Bill asserts that the Judgment of Divorce is invalid and therefore should have been set aside.

¶8. It is true that the parties had not entered into a property settlement agreement nor had the court adjudicated those issues on July 19, 1996, when the court declared the parties divorced. Therefore, under a strict reading of the statute, the chancellor erred by granting a divorce before adjudicating all matters involving custody and maintenance of the child and property rights between the parties.

¶9. However, in the recent case of ***Johnston v. Johnston,*** No. 97-CA-00091-SCT, 1998 WL 652245 (Miss. Sept. 24, 1998), this Court addressed similar facts and found that the error was only procedural and held the error harmless under the facts. ***Johnston,*** 1998 WL 652245 at *3-4. In ***Johnston,*** the Chancellor had granted a divorce absolute to the parties and awarded child custody to the mother with a temporary award of child support and alimony. The Chancellor took the issues of permanent child support, permanent alimony, and property rights under advisement. In holding the error harmless, this Court found that although it was technically improper for the Chancellor to grant a divorce before adjudicating all issues, the appellant had shown no prejudice and equity did not warrant reversal. ***Id.***

¶10. In the case at hand, the parties entered into an Agreed Judgment of Divorce which provided for temporary custody and support. Thereafter, the parties entered into a Child Custody, Support and Property Settlement Agreement which the Chancellor found to be adequate and sufficient and which was approved by the Chancellor in the Final Judgment. Six months later, and a month after Patsy remarried, Bill sought to withdraw his consent to the Settlement Agreement.

¶11. First, we hold that Bill has waived any complaints concerning the Judgment of Divorce or the Settlement Agreement. The Settlement Agreement provided that:

> Each of the parties has given full and mature thought to the making of this agreement, and all obligations contained herein, and each of the said parties understands that the agreements and

obligations assumed by the other are assumed with the express understanding and agreement that they shall be binding upon each of the parties hereto unless modified hereafter in writing by the parties.

Additionally, it would have been inequitable for the Chancellor to allow Bill to set aside the divorce on these procedural grounds six months after the Final Judgment and one month after Patsy remarried. Although the Chancellor technically erred, this Court holds that error harmless. Bill has shown no prejudice which would make the error reversible. However, we condemn the procedure used by the Chancellor, and caution others against using a similar procedure in the future.

¶12. Bill also argues that it was error for the Chancellor to deny his request for a modification in child support. Bill did not, and does not now, make any argument regarding a material change in circumstances warranting modification of his child support obligation. The only argument he makes is that the Judgment of Divorce is void. Because this Court finds that the Judgment of Divorce is valid, this issue is moot.

¶13. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**