877 So.2d 458 (2004)
Jesse M. ASH, Sr., Appellant,
v.
Floy Lorriane Russom ASH, Appellee.
No. 2002-CA-01028-COA.
Court of Appeals of Mississippi.
November 4, 2003.
Rehearing Denied January 13, 2004.
Certiorari Denied July 15, 2004.
*459 Susan Latham Steffey, Jackson, attorney for appellant.
Talmadge D. Littlejohn, New Albany, attorney for appellee.
Before KING, P.J., BRIDGES and LEE, JJ.
KING, P.J., for the Court.
¶ 1. Jesse M. Ash, Sr. appeals an order by the Chancery Court of Marshall County, Mississippi regarding alimony, property distribution, and attorney's fees. Mr. Ash has raised the following issues on appeal which we quote verbatim:
I. Did the chancery court err as a matter of law when it enforced the oral agreement against Mr. Ash as to property settlement when the agreement was never reduced to writing and the divorce proceeded on a fault basis?
II. Did the chancery court err as a matter of law when it failed to consider the adequacy and sufficiency of the disputed property settlement?
III. Did the chancery court err as a matter of law when it supplemented the oral agreement to include terms to which Mr. Ash never agreed?
¶ 2. This Court finds merit in issues I and II and will address them as a single issue. Because we reverse and remand on them, issue III is moot.

FACTS
¶ 3. Jesse Ash, Sr. and Floy Ash were married in 1953 and had three children, all of whom are now emancipated. They lived together until their separation in February 2000, in Marshall County, Mississippi.
¶ 4. On February 23, 2000, Mrs. Ash filed a complaint for divorce. Mr. Ash filed his answer and counterclaim for divorce.
¶ 5. On May 6, 2001, during the trial, the parties announced that they had "reached a settlement subject to the Court's approval." The oral agreement was dictated into the record. That agreement spoke to property division and support matters. It did not speak to the grounds for divorce. Once the agreement had been dictated into the record, Mr. Ash's attorney noted that there had been no discussion of the grounds for divorce and suggested that it be done on the ground of irreconcilable *460 differences. This suggestion was agreed to by Mrs. Ash's attorney.
¶ 6. The parties left the court with the understanding that the agreement would be reduced to writing, signed by the parties, and submitted to the court. No written agreement was ever signed by the parties or submitted to the court.
¶ 7. Mrs. Ash filed a motion to enforce judgement, which was heard on June 19, 2001. At that hearing, Mr. Ash's attorney indicated that the alleged agreement between the parties had not been reduced to writing nor was Mr. Ash in accord with its terms. The chancellor granted the motion and held the parties to the agreement previously made.
¶ 8. The chancellor then granted Mrs. Ash a fault-based divorce, on the ground of adultery and ordered that Mr. Ash pay Mrs. Ash $40,000 as attorney's fees. The chancellor ordered that the oral agreement, which was dictated into the record, be adopted as the court's decision on equitable distribution and alimony.

ISSUE AND ANALYSIS
Did the chancery court err as a matter of law when it enforced the oral agreement against Mr. Ash as to property settlement when the agreement was never reduced to writing and the divorce proceeded on a fault basis?
¶ 9. Mr. Ash contends that the oral agreement made between the parties contemplated divorce on the ground of irreconcilable differences and was void and unenforceable in a fault-based proceeding. He maintains that the chancery court erred in its enforcement of the agreement.
¶ 10. Our often stated standard of review in domestic relations cases is as follows:
Our scope of review in domestic relations matters is limited by our familiar substantial evidence/manifest error rule. "This Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." In other words, "[o]n appeal [we are] required to respect the findings of fact made by a chancellor supported by credible evidence and not manifestly wrong." This is particularly true in the areas of divorce, alimony and child support.
Heigle v. Heigle, 771 So.2d 341(¶ 7) (Miss.2000) (citations omitted).
¶ 11. Because the parties agreed that the divorce was to be granted upon the ground of irreconcilable differences, the effect of the agreement must also be determined in accordance with the statute which authorizes a divorce upon the ground of irreconcilable differences. Rounsaville v. Rounsaville, 732 So.2d 909(¶ 6) (Miss.1999). Mississippi Code Annotated Section 93-5-2 mandates that when a divorce is sought on the ground of irreconcilable differences, the parties shall enter a written agreement resolving matters of property division, which must then be approved by the chancellor. Rounsaville, 732 So.2d at 911 (¶ 6). Until the agreement is approved by the chancellor, it is not enforceable. Joiner v. Joiner, 739 So.2d 1043 (¶¶ 9-12) (Miss.Ct.App.1999).
¶ 12. If prior to approval of the agreement by the chancellor, one of the parties withdraws his consent, or seeks a fault based divorce, the agreement is rendered unenforceable. Prior to this agreement being finally reduced to writing and approved by the chancellor, Mrs. Ash obtained a fault-based divorce on the ground of adultery. Because this action was contrary to the anticipated basis of the divorce, it rendered the agreement unenforceable. In the absence of an enforceable *461 agreement, the chancellor was required to address issues of property distribution and support consistent with the principles of equitable distribution. Cook v. Cook, 725 So.2d 205(¶ 4) (Miss.1998). However, the principles of equitable distribution apply in all divorce cases, whether based on fault grounds or irreconcilable differences. Perkins v. Perkins, 787 So.2d 1256(¶ 24) (Miss.2001). The requirement of Mississippi Code Annotated Section 93-5-2 that the chancellor determine that adequate written provisions have been made for support and property division, must be read in conjunction with the common law directives regarding equitable distribution and alimony.
¶ 13. In addressing issues of equitable distribution, the supreme court says that a chancellor is to be guided by the following analysis:
1. Substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows:
a. Direct or indirect economic contribution to the acquisition of the property;
b. Contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage; and
c. Contribution to the education, training or other accomplishment bearing on the earning power of the spouse accumulating the assets.
2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise.
3. The market value and the emotional value of the assets subject to distribution.
4. The value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse;
5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;
6. The extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties;
7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and,
8. Any other factor which in equity should be considered.
Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994).
¶ 14. The record before this Court has no indication that the chancellor considered any of the Ferguson factors. Indeed, the record is completely devoid of any analysis of the appropriateness of the distribution of property or the award of alimony. The chancellor merely took what was an agreement for purposes of an irreconcilable differences divorce and made it the order of the court.
¶ 15. Even though alimony and equitable distribution are different concepts, they should be considered together. Garriga v. Garriga, 770 So.2d 978(¶ 26) (Miss.Ct.App.2000). When one expands the other must recede. Id."If there are sufficient marital assets which, when equitably divided... will adequately provide for both parties, no more need be done." Id.
*462 ¶ 16. In Mississippi, alimony should be awarded to the wife in accordance with her needs with consideration being given to the ability of the husband to make the payments. Tilley v. Tilley, 610 So.2d 348, 354 (Miss.1992). In Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993), the Mississippi Supreme Court set forth twelve factors to be considered in awarding alimony. These factors include: income and expenses, health and earning capacity, needs, obligations, length of marriage, presence of minor children, age, standard of living, tax consequences, fault and any other equitable factors. Id. The record presented to this Court contains no indication that the chancellor gave any consideration to the Armstrong factors in making the agreement the order of the court.
¶ 17. Absent a consideration of the Ferguson and Armstrong factors, neither this Court nor the trial court can say that there was an appropriate and equitable distribution of property, nor can we say that the amount of alimony awarded was fair and just. This Court therefore remands this case to the chancellor to make the necessary on-the-record analysis of the equitable distribution of property and award of alimony.
¶ 18. Mrs. Ash has filed a motion for additional attorney's fees on appeal. She maintains that she has "expended in excess of $50,000.00 to prosecute this case and has now incurred the sum of approximately $15,000.00 with the costs of the appeal." That motion is denied. This Court does so for two reasons. First, attorney's fees are based upon necessity rather than entitlement, Overstreet v. Overstreet, 692 So.2d 88, 93 (Miss.1997), and second, this Court has ruled in favor of Mr. Ash on the only issue contested at trial.
¶ 19. In denying this motion for additional attorney's fees, we do so without impairment of the trial court's authority to review this matter and make a further award of attorney's fees on remand. Neither of the parties has appealed the granting of the divorce and that action is affirmed.
¶ 20. THE JUDGMENT OF DIVORCE BY THE CHANCERY COURT OF MARSHALL COUNTY IS AFFIRMED. THE AWARD OF ALIMONY AND DIVISION OF PROPERTY IS REVERSED AND REMANDED FOR SUCH FURTHER PROCEEDINGS AS ARE CONSISTENT WITH THE TERMS OF THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED ONE HALF TO THE APPELLANT AND ONE-HALF TO THE APPELLEE.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND GRIFFIS, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.