GRIFFIS, J.,
for the Court.
¶ 1. Jerry M. Harvey (Jerry) appeals the decision of the Chancery Court of Rankin County. He argues that the trial court erred in: (1) granting the irreconcilable differences divorce, and (2) dismissing his “Motion to Set Aside and Modify Divorce of Parties.” We find no error and affirm.
FACTS
¶ 2. Jerry and Carolyn R. Harvey (Carol) were married on July 17, 1993. Four children were born to the marriage. Carol filed a complaint for divorce on September 18, 2002, alleging habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences. Thereafter, the parties reached an agreement on the divorce, their children, and the division of their property. Carol dismissed her fault grounds and each party executed a “Judgment of Divorce-Irreconcilable Differences and a Property Settlement Agreement” on October 14, 2002.
¶ 3. Before the judgment was entered, Jerry, acting pro se, withdrew his consent in a letter filed with the clerk on December 11, 2002. Jerry then retained counsel and filed an answer to the complaint for divorce and a counterclaim for temporary custody. Jerry and Carol were able to agree on the terms of a temporary order, and the case was set for trial on May 30, 2003.
¶ 4. During the trial, Carol’s attorney announced to the chancellor that the parties had reached a final agreement. After both Jerry and Carol interlineated new provisions, the “Judgment of Divorce-Irreconcilable Differences and the Property Settlement Agreement,” previously executed by the parties on October 14, 2002, was presented to the chancellor. Upon receiving the documents, the chancellor asked, “Is everything signed and initialed by everybody?” to which Jerry’s attorney responded, “Yes, sir.” The chancellor then accepted the documents, executed the judgment, and addressed the parties about the treatment of their children.
¶ 5. Following the entry of the judgment of divorce, Jerry sent several letters to the chancellor requesting that the divorce be set aside. The chancellor filed the correspondence in the court file. Jerry subsequently filed a “Motion to Set Aside and Modify Divorce of Parties,” which was dismissed by the chancellor.
STANDARD OF REVIEW
¶ 6. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or applied an erroneous legal standard. Sanderson v. Sanderson, 824 So.2d 623, 625-26(¶ 8) (Miss.2002).
ANALYSIS

I. Whether the trial court erred in granting the irreconcilable differences divorce1?

¶ 7. Jerry argues the trial court erred in granting the irreconcilable differences divorce. However, we find Jerry’s claim should be dismissed because he failed to file a timely notice of appeal. The record indicates that Jerry mailed several letters to the chancellor requesting that the divorce be reversed or set aside. However, none of the letters were submitted to the trial court or filed with the chancery clerk within thirty days of the judgment of divorce.
¶ 8. On August 18, 2003, Jerry filed a letter with the office of the supreme court *839 clerk. The clerk treated' the letter as a notice of appeal. However, Jerry failed to pay the costs of .appeal. As a result, the notice of appeal was dismissed. Nevertheless, the letter that the clerk treated as a notice, of appeal was not filed until approximately eighty days after the entry of. the judgment of divorce. Mississippi Rule of Appellate Procedure 4 provides that a notice of appeal “shall be filed with the clerk of the trial court within 30. days after the date of. entry of the judgment or order appealed from.” Jerry’s appeal should be dismissed due to his failure to file a proper and timely notice of appeal.
¶ 9. Despite the dismissal, we will discuss Jerry’s claim that he never wanted a divorce. Wavering on whether a divorce should be entered may often occur and does not invalidate the divorce. Sanford v. Sandford, 749 So.2d 353, 356(¶ 11) (Miss. Ct.App.1999). During the sixty day period for reflection after the filing of a divorce complaint, there may be oscillation from complete agreement to complete opposition and every level in between. Id. What is important is that the agreement be validly expressed on the day that the chancellor is considering the issue. Id. The record clearly indicates that Jerry agreed to the divorce and the property settlement agreement. He signed both the judgment of divorce and the property settlement agreement. He initialed the changes that were made before the documents were submitted to the chancellor for approval. Therefore, we find that the chancellor was correct to grant the irreconcilable differences divorce.

II. Whether the trial court erred in dismissing Jerry’s “Motion to Set Aside and Modify Divorce of Above Parties”?

¶ 10. Jerry filed his- “Motion to Set Aside and Modify Divorce of Above Parties” on November 12, 2003. The motion was considered by the chancellor and subsequently dismissed on January 5, 2004. The record indicates that Jerry agreed to the divorce and the property’ settlement agreement. In Rounsaville v. Rounsaville, 732 So.2d 909, 911-12(¶ 11) (Miss.1999), the court found that by subsequently agreeing to the settlement agreement, the husband had waived any objections to the divorce or to the settlement agreement. Although the Rounsaville court acknowledged that the chancellor committed a technical error, such error is not present here. Indeed, the chancellor followed the proper requirements to grant an irreconcilable differences divorce. Accordingly, there was no basis to set aside the divorce and no appropriate grounds shown to modify the divorce.
¶ 11. In addition, Carol has remarried. To now, allow Jerry to set aside the divorce several months after being entered and after Carol has remarried would be inequitable. Id. at 912(¶ 11). Upon review, we find .the chancellor was correct in dismissing the motion and there was no error.
¶ 12. THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.