BARNES, J.,
 

 for the Court.
 

 ¶ 1. This case comes on appeal from the Washington County Chancery Court’s grant of a divorce on the ground of irreconcilable differences to Wanda Johnson and Ira Johnson, Jr. The chancellor also awarded sole physical custody of the couple’s minor child to Ira. It is from this judgment Wanda now appeals. As Ira confesses reversible error, we reverse and remand for further proceedings in the chancery court.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶2. Wanda and Ira were married on June 21, 1980, and resided in Greenville, Mississippi. Two children were born of the marriage: Kira, born July 22, 1982, who at all times relevant to this case is emancipated, and Amber, born November 30, 1989. After several years without intimacy in the marriage, Ira left the domicile in September 2004. Amber remained with Wanda.
 

 ¶3. On August 4, 2006, Wanda filed a petition for child custody and support. Ira filed an answer on October 10, 2006, confessing custody and support. Ira also counter-claimed for divorce based on fault grounds and, alternatively, on the ground of irreconcilable differences. Ira’s filing did not include a required anti-collusion certificate. Ira then filed an amended complaint for divorce on August 8, 2007, without leave of the court, seeking custody of Amber and providing the anti-collusion certificate.
 

 ¶4. A trial was held on November 20, 2007, with the chancellor’s granting a divorce on the ground of irreconcilable differences and awarding joint legal custody of Amber to both parents and physical custody to Ira. The judgment also contained other orders relating to property
 
 *696
 
 division and awarded attorney’s fees to Ira. The order was entered on January 7, 2008. Wanda now appeals the chancery court’s judgment.
 

 STANDARD OF REVIEW
 

 ¶ 5. “We will not reverse the decision of a chancery court unless the chancellor abused his or her discretion, was manifestly in error, or applied an erroneous legal standard.”
 
 Engel v. Engel,
 
 920 So.2d 505, 508(1110) (Miss.Ct.App.2006).
 

 ¶ 6. Wanda’s first claim is that the chancellor’s judgment of divorce, which was granted on January 7, 2008, nunc pro tunc to November 20, 2007, was erroneous based on the fact that the parties had never executed a written agreement for an irreconcilable differences divorce, had not withdrawn the fault grounds, and had not executed a consent for the chancellor to rule on contested matters. Mississippi Code Annotated section 93-5-2 (Supp. 2008) governs the award of a divorce based on irreconcilable differences. “[W]hen a divorce is sought on the ground of irreconcilable differences, the parties shall enter a
 
 mitten agreement
 
 resolving matters of property division, which must then be approved by the chancellor.”
 
 Ash v. Ash,
 
 877 So.2d 458, 460(¶ 11) (Miss.Ct.App.2003) (citing
 
 Rounsaville v. Rounsaville,
 
 732 So.2d 909, 910(116) (Miss.1999)) (emphasis added). Subsection (3) of 93-5-2 provides, however, that if a couple is unable to agree on provisions related to custody or property rights, they may consent to a divorce on the ground of irreconcilable differences and have the court “decide the issues upon which they cannot agree.” Miss.Code Ann. § 93-5-2(3). In
 
 Irby v. Estate of Irby,
 
 7 So.3d 223, 238(¶50) (Miss.2009), the Mississippi Supreme Court stated:
 

 [T]he consent (1) must be in writing and signed by both parties; (2) must state that the parties voluntarily consent to permit the court to decide the issues upon which the parties cannot agree; (3) must specifically set forth the issues upon which the parties are unable to agree; and (4) must state that the parties understand that the decision of the court shall be a binding and lawful judgment.
 

 These provisions must be strictly followed.
 
 Perkins v. Perkins,
 
 787 So.2d 1256, 1264(¶ 24) (Miss.2001).
 

 ¶ 7. Accordingly, one of the main conditions in the granting of a divorce under section 93-5-2 is that neither spouse contest it.
 
 Irby,
 
 7 So.3d at 238(¶ 49). The supreme court stated that subsection (5) of section 93-5-2, which is to be read in conjunction with subsection (3), “mandates that a contest or denial be withdrawn or canceled, by leave and order of the court, by the party who filed the contest or denial.”
 
 Id.
 
 at 239(¶ 54). “This is a procedural safeguard which has existed within the framework of [sjection 93-5-2 since its promulgation.”
 
 Id.
 
 at 239-40(¶ 54). Therefore, the Mississippi Supreme Court in
 
 Irby
 
 reasoned that, if a party meets the procedural requirements of subsection (3), compliance with subsection (5) is no longer necessary.
 
 Id.
 
 at 240(¶ 54).
 

 ¶ 8. However, in the present case, the parties failed to comply with either subsection (3) or subsection (5). There was discussion between counsel at trial which revealed that no written consent was ever entered into by the parties. Evidence of an e-mail between the attorneys, which was read and referred to at trial, also showed that the parties had not reached an agreement at the time of trial, and that the parties were still arguing over what the specifics of the agreement would be. Additionally, Ira never sought leave of the court to withdraw his fault-based complaint. In recognition of the requirements under section 93-5-2, Ira has filed a “Con
 
 *697
 
 fession of Appeal in which he agrees that the statutory filing requirements were not met at trial, and that Wanda is entitled to a new trial. In light of Ira’s admission and our review of the record, we find that the grant of a divorce by the chancellor failed to comply with subsections (3) or (5) of Mississippi Code Annotated section 93-5-2.
 

 ¶ 9. Therefore, as Ira has confessed reversible error, we reverse and remand for further proceedings in the chancery court. In light of our disposition of the case, we do not reach the other issues raised by Wanda.
 

 ¶10. THE JUDGMENT OF THE CHANCERY COURT OF WASHINGTON COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.