CARLTON, J.,
for the Court:
¶ 1. On April 7, 2010, the Hancock County Chancery Court entered an Agreed Judgment of Divorce between Blake and Susan Boone on the ground of irreconcilable differences. Shortly thereafter, Susan filed a “Complaint to Cite for Contempt and for Other Relief’[1] based on the Agreed Judgment of Divorce entered between the parties. After a hearing on June 10, 2010, the Hancock County Chancery Court entered a “Judgment on Corn- *152 plaint to Cite for Contempt and for Other Relief,” (hereinafter referred to “Judgment of Contempt and Other Relief’) in favor of Susan against her former husband, Blake, and the court awarded Susan attorney’s fees. Aggrieved, Blake appeals, raising the following assignments of error: (1) the Judgment of Contempt and Other Relief should be set aside as void because the Agreed Judgment of Divorce is void due to the court’s failure to adjudicate all issues prior to entering the divorce as required by Mississippi Code Annotated section 93-5-2(3) (Supp.2011); (2) the Judgment of Contempt and Other Relief should be set aside as void because the underlying Agreed Judgment of Divorce is void due to the parties’ failure to agree or acknowledge in writing or otherwise that the decision of the court on the issues left to be decided would be a binding and lawful judgment as required by section 93-5-2(3); (3) the Judgment of Contempt and Other Relief is void because the chancery court failed to possess personal jurisdiction over him due to the defectiveness of the summons; (4) the Judgment of Contempt and Other Relief is void due to improper venue; (5) the award of attorney’s fees to Susan is against the overwhelming weight of the evidence; (6) the Judgment of Contempt and Other Relief awarding Susan a judgment in the amount of $11,627.30 on her claims of fraud and misrepresentation is improper due to the defectiveness of the summons; (7) the Judgment of Contempt and Other Relief is improper because it granted relief not requested in the complaint; (8) the court erred in finding him in contempt for his failure to pay child support and lump-sum alimony not yet due when the complaint was filed nor at the time of the trial; and (9) the court erred when it set aside its order pursuant to Mississippi Rule of Civil Procedure 62(a) staying execution of the contempt judgment placing him in jail on weekends prior to the entry of the order disposing of the motion for a new trial.
¶ 2. As set forth herein, we find that the order styled Agreed Judgment of Divorce fails to constitute a final judgment since the non-final order fails to comply with the statutory requirements as set forth in Mississippi Code Annotated section 93-5-2(3) due to the chancellor’s grant of the divorce prior to resolving all attendant matters between the parties.[2] We further find that the related Judgment of Contempt and Other Relief is void; therefore, that judgment must be set aside.[3]
FACTS
¶ 3. Blake and Susan married on May 23, 1992. The marriage produced three children: a daughter born in 1994, a son born in 1995, and a daughter born in 1996. The parties separated on April 2, 2008.
¶ 4. On April 7, 2010, the Hancock County Chancery Court filed an Agreed Judgment of Divorce between the parties on the ground of irreconcilable differences. On that same day, the parties entered into a “Child Custody, Child Support!,] and Property Settlement Agreement” (the Settlement Agreement), which the court incorporated into the Agreed Judgment of Divorce. However, the Settlement Agreement as incorporated failed to resolve all matters between the parties as required *153 by Mississippi Code Annotated section 93-5-2(3).
¶ 5. The Settlement Agreement required Blake to pay Susan $1,330 in temporary monthly child support[4] and $96,000 in lump-sum alimony to be paid over a ten-year period at $800 per month.[5] The Settlement Agreement also required Blake to convey to Susan all right, title, and interest in the parties’ eighty acres of land and the trailer, which was the parties’ current family home that sat on the property. The Settlement Agreement further stated that all future payments on the trailer and the taxes and insurance for the land became Susan’s responsibility after the execution of the Settlement Agreement. Additionally, the Settlement Agreement required Blake to bring current the then-delinquent child-support payments and temporary spousal-support payments in the amount of $2,330; attorney’s fees in the amount of $1,553; $177.33 to CitiBank; and $10.22 to Cellular South. These delinquent payments were to be paid out of Blake’s first paycheck with his new place of employment and, if insufficient, from his second paycheck.
¶ 6. As previously noted, the parties agreed in the Settlement Agreement, which was incorporated into the order styled Agreed Judgment of Divorce, to particular terms and conditions therein and submitted the following seven matters for the chancellor to resolve:
1. Who should pay the balance of the CitiCard bill?
2. Who should pay the phone bills for the children and should there be a change in phone service from Verizon to Cellular South[?]
3. Who is to be held responsible for the children’s medical bills incurred during the course of the marriage as well [as] during the course of the pending domestic relations litigation?
4. Should the Husband be required to pay any or all of the attorney’s fees incurred by the Wife during litigation process leading up to this divorce?
5. Should the Husband be held responsible for the outstanding $500 dental bill?
6. The issue of expenditures made out of the insurance fund resulting from Hurricane Katrina is to be reviewed by the [c]ourt and it is to be determined what is equitable with regard to such expenditures^] and if need be adjustments made so that equity may be achieved between both parties.
7. Should the Husband be required to divide the 2008 federal and state income tax refund?
¶ 7. On May 27, 2010, approximately six weeks after the chancery court entered the order styled Agreed Judgment of Divorce, Susan filed a Complaint for Contempt and Other Relief. In her Complaint for Contempt and Other Relief, Susan moved the court to find Blake in willful and contumacious contempt of the prior orders of the court, and she also moved the court to address the seven unresolved matters arising out of the order styled Agreed Judgment of Divorce and identified in the Settlement Agreement. Susan also asked the *154 court to address an additional matter and order Blake to repay $11,627.30 to Green Tree, the mortgage company for the trailer. The $11,627.30 reflects the monetary sum originally paid on the trailer’s mortgage prior to entering into the Settlement Agreement. However, unbeknownst to Susan, Green Tree refunded this money, which had previously been paid on the mortgage, to Blake upon his unilateral request. Blake received notice of the hearing on Susan’s Complaint for Contempt and Other Relief through service of process by Rule 81 summons. See M.R.C.P. 81.
¶8. The hearing on Susan’s Complaint for Contempt and Other Relief commenced on June 10, 2010.[6] Blake failed to appear at this hearing. Susan, however, attended the hearing and presented testimony and various exhibits to the chancery court. During the hearing, the chancellor addressed both the contempt matters and the request for other relief which sought resolution of the unresolved matters arising from the Agreed Judgment of Divorce. At the conclusion of the hearing, the chancellor in his bench opinion found, among other things, that Blake was in contempt of court for his failure to abide by the court’s prior orders and judgment, including the terms of the Settlement Agreement.
¶ 9. In addition to the contempt matter, the chancellor also resolved the seven issues pending in the divorce that the parties had submitted to the chancellor for resolution. The chancellor then awarded Susan attorney’s fees in the amount of $30,220.59 and a judgment in the amount of $11,627.30, the amount refunded by Green Tree to Blake in response to his unilateral request for such refund. The chancery court also ordered Blake be incarcerated in the Hancock County Jail every weekend from 6:00 p.m. on Friday to 6:00 a.m. on Monday until such time as he either fully complied with the court’s judgment or until further order of the court. On June 11, 2010, the chancellor subsequently filed an order that memorialized his detailed bench opinion in which he addressed both the contempt findings and the additional divorce matters previously submitted for his resolution in the Agreed Judgment of Divorce.
¶ 10. On June 21, 2010, Blake filed a “Motion for New Trial and Motion to Reconsider Judgment on Complaint to Cite for Contempt and for Other Relief,” wherein he requested, among other things, that the chancery court enter an order staying the operation of the judgment pursuant to Rule 62(a). While the chancery court initially entered an order staying the June 11, 2010 Judgment for Contempt and Other Relief, the court set aside its order after a status conference on July 1, 2010, and ordered Blake apprehended and incarcerated as previously ordered.
¶ 11. Blake then filed an amended motion for a new trial and motion to reconsider, which the chancery court denied. The amended motion for a new trial asserted several basis for error, including that the Judgment of Contempt and Other Relief was void because the chancery court lacked jurisdiction over him due to insufficient process. Blake also contends the summons issued by the Hancock County Chancery Clerk was void because the hearing on the complaint was held outside of Hancock County, Mississippi, and the Rule 81 summons he had received provid *155 ed him insufficient notice as to Susan’s Complaint for Contempt and Other Relief since the “other relief’ addressed matters outside the scope of Rule 81.
¶ 12. On July 26, 2010, the chancellor filed an order discharging Blake of the requirement that he report to the county jail to be incarcerated because Blake purged the required amount. Blake then filed his notice of appeal.
¶ 13. Blake asserts in his appellate brief that he failed to raise the validity of the Agreed Judgment of Divorce before the chancery court prior to filing his notice of appeal on August 20, 2010. Blake contends he raised the issues for the first time in his motion under Mississippi Rule of Civil Procedure 60(b)(4). Blake’s Rule 60(b)(4) motion was filed with the chancery court on February 23, 2011, after he had perfected the appeal by filing his notice of appeal on August 20, 2010. We find, however, that Blake’s August 20, 2010, notice of appeal and his amended motion for a new trial sufficiently placed the validity of the Agreed Judgment of Divorce and the resulting Judgment of Contempt and Other Relief before this Court for our review on appeal. Accordingly, we have reviewed issues raised relating to both the Agreed Judgment of Divorce and the Judgment of Contempt and Other Relief in our discussion of this case.
STANDARD OF REVIEW
II14. “We will not disturb a chancellor’s findings of fact ‘unless the chancellor’s decision is manifestly wrong or unsupported by substantial evidence.’ ” Clark v. Clark, 43 So.3d 496, 499 (¶ 9) (Miss.Ct.App.2010) (quoting Bougard v. Bougard, 991 So.2d 646, 648 (¶ 12) (Miss.Ct.App.2008)). However, “when reviewing questions concerning jurisdiction, this court employs a de novo review.” Id. (quoting Sanghi v. Sanghi, 759 So.2d 1250, 1252 (¶ 7) (Miss.Ct. App.2000)). Further, the failure of a chancellor to first resolve all matters prior to granting an irreconcilable-differences divorce acts as a procedural error. Curtis v. Curtis, 59 So.3d 623, 628 (¶ 16) (Miss.Ct.App.2011). See also Rounsaville v. Rounsaville, 732 So.2d 909, 911 (¶¶8-9) (Miss.1999).
¶ 15. Additionally, we recognize that if a judgment is void, the trial court possesses no discretion; the court must set the void judgment aside. Clark, 43 So.3d at 501 (¶ 21) (citing Soriano v. Gillespie, 857 So.2d 64, 69-70 (¶22) (Miss.Ct.App.2003)). “Specifically, a judgment is void ‘if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.’” Id. (citation omitted).
¶ 16. Furthermore, the rules pertaining to service of process are to be strictly construed. Kolikas v. Kolikas, 821 So.2d 874, 878 (¶ 16) (Miss.Ct.App.2002) (citing Birindelli v. Egelston, 404 So.2d 322, 323-24 (Miss.1981)).
DISCUSSION
¶ 17. Blake’s assignments of error (1), (2), (3), and (4) assert that the Judgment of Contempt and Other Relief is void on various grounds: attacking the validity of the Agreed Judgment of Divorce, claiming that the Rule 81 summons was defective, and asserting improper venue. We agree with Blake that the Judgment of Contempt and Other Relief is void but reach our result on different grounds than those asserted by Blake. Thus, we consolidate our discussion of Blake’s first four assignments of error relating to the void Judgment of Contempt and Other Relief and the Agreed Judgment of Divorce. We further find the Agreed Judgment of Divorce was *156 not a final order and dismiss the appeal as to the remaining assignments of error.
I. ENFORCEABILITY OF THE AGREED JUDGMENT OF DIVORCE AND THE SETTLEMENT AGREEMENT
¶ 18. Blake first argues that the Judgment of Contempt and Other Relief should be set aside as void because the Agreed Judgment of Divorce is void due to the failure of the parties and the chancery court to comply with the substantive requirements of Mississippi Code Annotated section 93-5-2(3). Specifically, Blake alleges that the parties failed to agree or acknowledge in writing or otherwise that the Agreed Judgment of Divorce and Settlement Agreement would constitute a binding and lawful judgment as required by section 93 — 5—2(3).[7] Blake also claims the chancery court erred by failing to adjudicate all issues prior to entry of the Agreed Judgment of Divorce as required by section 93 — 5—2(3).[8] As discussed below, we find the Settlement Agreement constitutes an agi'eement enforceable by the chancellor with respect to the terms and conditions agreed upon therein by the parties. However, we find that the Agreed Judgment of Divorce entered by the chancellor constitutes a non-final order since it left matters attendant to the divorce remaining before the chancery court.[9] Because we find that the Agreed Judgment of Divorce was not a final judgment from which an appeal could be taken, we must dismiss it due to our lack of jurisdiction.
A. Settlement Agreement
¶ 19. Blake first contends that the Judgment of Contempt and Other Relief is void because the parties did not agree or acknowledge in writing or otherwise that the decision of the chancery court on the issues left to be decided in the Settlement Agi'eement would be a binding and lawful judgment as required by Mississippi Code Annotated section 93-5-2(3). As stated, we find no merit to this claim.
¶ 20. “Property settlements that are incorporated into a divorce decree become part of the final judgment for all legal intents and purposes.” Patterson v. Patterson, 20 So.3d 65, 72 (¶ 21) (Miss.Ct.App.2009) (citing Switzer v. Switzer, 460 So.2d 843, 845 (Miss.1984)). “A true and genuine property settlement agreement is no different from any other contract, and the mere fact that it is between a divorcing husband and wife, and incorporated in a divorce decree, does not change its character.” Id. (quoting East v. East, 493 So.2d 927, 931-32 (Miss.1986)). See Day v. Day, 28 So.3d 672, 676 (¶ 12) (Miss.Ct.App.2010).
¶ 21. In the present case, we find that the Settlement Agreement is an enforceable contract as to the terms and conditions agreed to therein by the parties. The Settlement Agreement on its face shows Blake’s understanding that he became contractually bound to the agreement upon executing it. The Settlement Agreement states, in pertinent part, as follows:
The parties have read and understood the terms and provisions of this agree *157 ment[,] by executing this agreement they shall be firmly, contractually bound thereby. Both parties agree to cooperate in performing the terms and conditions of this property settlement, child custody!,] and child support agreement and in the implementation thereof. The parties further represent that they enter into this agreement having fullfy] and completely considered all aspects thereof and having had the benefit of advice of their respective counsel of record. The parties finally agree and acknowledge that this property settlement, child custody!,] and child support agreement shall be enforceable by the Chancery Court of Hancock County!,] Mississippi or any other [c]ourt of competent jurisdiction.
The Settlement Agreement clearly reflects both Blake’s and Susan’s understanding that the Settlement Agreement itself was enforceable by the chancellor or any other court of competent jurisdiction. The Settlement Agreement also reflects that both parties read the terms and conditions which stated that they were contractually bound by the signed agreement.[10] Thus, we find this argument is without merit.[11]
B. Agreed Judgment of Divorce
¶ 22. Blake argues that the Agreed Judgment of Divorce is void due to the chancellor’s failure to adjudicate all issues prior to the entry of divorce in accordance with section 93-5-2(3). While we recognize that a judgment is void if the court acted inconsistent with due process, see Turner v. Turner, 73 So.3d 576, 579 (¶ 13) (Miss.Ct.App.2011), we find that Blake’s claims, regarding the validity of the Agreed Judgment of Divorce, pertain to the chancery court’s failure to complete the statutory requirements as set forth in Mississippi Code Annotated section 93-5-2(3) prior to its entry of the divorce. In reviewing precedent, we must conclude that the Agreed Judgment of Divorce constitutes a non-final order of the chancellor since matters attendant to the divorce were left pending before the court.
¶ 23. This Court in Walters v. Walters, 956 So.2d 1050, 1053 (¶9) (Miss.Ct.App.2007) found that a judgment of divorce constitutes a non-final order where that judgment fails to adjudicate all matters attendant to the divorce. The Walters Court stated that generally “only final judgments are appealable.” Id. at (¶8). The Court then defined a final, appealable judgment as one that “ ‘adjudicates the merits of the controversy which settles all issues as to all the parties’ and requires no further action by the lower court.” Id. The Walters Court proceeded to set forth the many reasons for this rule, stating:
The final judgment rule minimizes appellate court interference with trial court proceedings, reduces the ability of a litigant to wear down an opponent with a succession of time-consuming appeals, and enables the appellate court to view the case as a whole and avoid questions which may be mooted by the shifting fortunes of trial combat.
Id.[12]
¶ 24. Consistent with this Court’s decision in Walters, in Curtis, 59 So.3d at 628 (¶ 16), this Court found the chancellor’s *158 failure to resolve all matters as to the parties’ equity in real property prior to the entry of divorce constituted a procedural error.[13] The Curtis Court recognized that Mississippi Code Annotated section 93-5-2[14] provides the requirements that must be met before a divorce on the ground of irreconcilable differences may be granted, holding:
No divorce shall be granted pursuant to this subsection until all matters involving custody and maintenance of any child of that marriage and property rights between the parties raised by the pleadings have been either adjudicated by the court or agreed upon by the parties and found to be adequate and sufficient by the court and included in the judgment of divorce.
Miss.Code Ann. § 93-5-2(3). The Curtis Court further found, however, the procedural error to be harmless since no prejudice to the parties occurred. Id.
¶ 25. Based upon precedent,[15] we find the chancellor’s order styled Agreed Judgment of Divorce to be a non-final order, not a void judgment as asserted by Blake. Because we find the Agreed Judgment of Divorce to be a non-final order that fails to constitute an appealable judgment, we must dismiss it for our lack of jurisdiction.
II. JUDGMENT OF CONTEMPT AND OTHER RELIEF SET ASIDE AS VOID
¶26. In contrast to this Court’s finding of no prejudice in Curtis, in this case, we find prejudice arising from the procedural error resulting from the chancellor’s failure to comply with the statutory requirement to resolve all matters attendant to the divorce prior to entry of the divorce and from the comingling of the chancellor’s contempt findings and the resolution of the seven pending divorce matters. We also find prejudice occurred by Susan’s failure to comply with the notice requirements of Rule 5 of the Mississippi Rules of Civil Procedure.
¶ 27. In Curtis, the matters pending in the divorce were resolved after entry of the divorce and before the appeal to the benefit of the appellant, Henry Curtis. Curtis, 59 So.3d at 628 (¶ 16). In this ease, however, the unresolved matters pending in the divorce were litigated, along with contempt matters, at a subsequent contempt hearing on June 10, 2010, with notice by issuance of only service of process pursuant to Mississippi Rule of Civil Procedure 81. More specifically, the chancellor, in this case, heard and resolved the seven pending divorce matters at the June 10, 2010 hearing violating Blake’s due-process rights since Susan failed to provide Blake sufficient notice pursuant to Rule 5 of the Mississippi Rules of Civil Procedure.[16]
*159 ¶ 28. A Rule 81 summons indeed provides sufficient notice to appear and defend in contempt proceedings. See Hanshaw v. Hanshaw, 55 So.3d 148, 146 (¶ 9) (Miss.2011) (“Because contempt proceedings are distinct actions, they require notice consistent with Mississippi Rule of Civil Procedure 81(d).”). Rule 81 service of process, however, fails to provide sufficient notice, as required by Rule 5(b), to further litigate unresolved matters of a pending divorce, including property division.[17] See McClain v. White, 738 So.2d 306, 308 (¶¶ 12-14) (Miss.Ct.App.1999) (finding default judgment void for failure to serve notice in accordance with Rule 5). “Rule 5(a) of the Mississippi Rules of Civil Procedure requires that orders and written notices ‘shall be served upon each of the parties’ in the method provided by Rule 5(b).” Turner, 73 So.3d at 579 (¶ 14) (quoting M.R.C.P. 5). “Rule 5(b) directs: ‘Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon such attorney unless service upon the party himself is ordered by the court.’ ” Id. (citing M.R.C.P. 5(b)(1)). In accordance with Rule 5(b), service is made upon the attorney with two basic exceptions — the party is not represented or the court orders otherwise. Id. (citation omitted). The record in this case reflects no order from the chancery court directing service on Blake instead of his attorney. Thus, we find that Susan failed to provide the necessary notice of the June 10, 2010 hearing to Blake’s attorney as required by Rule 5 in order to litigate the seven unresolved issues attendant to the divorce as set forth in her Complaint for Contempt and Other Relief, and prejudice resulted to Blake.
¶ 29. Prejudice arising from the procedural error of failing to resolve all matters prior to entry of the divorce is also reflected in the chancellor’s Judgment of Contempt and Other Relief. The Judgment of Contempt and Other Relief states, in pertinent part, as follows:
With regard to the CitiCard bill, due to the failure of the [defendant to pay said bill as and when due, the interest rate as well as late payments are all attributable to the [djefendant’s contempt. Accordingly, the [defendant is hereby ordered to be totally and completely responsible for payment of the CitiCard bill and is hereby ordered to make such payments timely so that the ex-wife’s credit rating will not be prejudiced and adversely affected.
As evidenced in the Judgment of Contempt and Other Relief, the chancellor clearly comingled the resolution of the contempt matters with the seven unresolved matters pending in the underlying divorce.
*160 ¶ 30. While we recognize that a judgment of contempt generally constitutes an appealable order,[18] we must find that in this case, due to Susan’s failure to provide Blake with sufficient notice of the June 10, 2010 hearing, the chancellor’s order styled Judgment of Contempt and Other Relief is void. Since we find the Judgment on Contempt and Other Relief to be void, we possess no discretion and must vacate that judgment. See Turner, 73 So.3d at 579 (¶ 13); Clark, 43 So.3d at 501 (¶ 21); Walters, 956 So.2d at 1053 (¶ 9). As a result, we find that the seven unresolved matters submitted to the chancellor prior to entry of the Judgment of Contempt and Other Relief are interlocutory matters still pending in this case.
¶ 31. Upon finding the Judgment of Contempt and Other Relief void and the related order styled Agreed Judgment of Divorce not final, we refrain from addressing Blake’s remaining issues and claims of errors. Based upon the foregoing, we set aside the Judgment of Contempt and Other Relief as void, and we dismiss the appeal as to the remaining issues since the order styled Agreed Judgment of Divorce constitutes a non-final order and is not an appealable judgment.[19]
¶ 32. THE AGREED JUDGMENT OF DIVORCE OF THE CHANCERY COURT OF HANCOCK COUNTY IS DISMISSED FOR LACK OF JURISDICTION. THE JUDGMENT OF CONTEMPT AND OTHER RELIEF IS VACATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., ISHEE AND RUSSELL, JJ„ CONCUR. IRVING AND GRIFFIS, P.JJ., AND MAXWELL, J., CONCUR IN PART AND IN THE RESULT. BARNES AND ROBERTS, JJ., CONCUR IN RESULT ONLY. FAIR, J., NOT PARTICIPATING.

. We will hereinafter refer to Susan’s “Complaint to Cite for Contempt and for Other Relief” as "Complaint for Contempt and Other Relief.”

. See generally Walters v. Walters, 956 So.2d 1050 (Miss.Ct.App.2007) (finding order entered by chancery court styled as final judgment of divorce to be non-final order because issues attendant to the divorce, like property division, remained before court).

. See Turner v. Turner, 73 So.3d 576, 579 (¶ 13) (Miss.Ct.App.2011); McClain v. White, 738 So.2d 306, 308 (¶¶ 12-14) (Miss.Ct.App.1999).

. The Settlement Agreement failed to specify a due date for the child-support payments; however, Susan stated in her complaint for contempt that the payments were due on the 15th day of each month.

. The Settlement Agreement provided that the first payment of the alimony award was due on the first day of the month immediately succeeding the Agreed Judgment of Divorce, "with a similar payment to be made on the first day of each and every day [sic] thereafter until the entire amount hereto set forth is paid in full.”

. The hearing transcript reflects that Susan's attorney, Herbert J. Stelly Sr., informed the chancellor that he called Blake's attorney informing her of the hearing, but the record reflects no evidence that notice was served in accordance with Rule 5 of the Mississippi Rules of Civil Procedure.

. Blake asserted error in the parties’ failure to agree in writing or otherwise in his second assignment of error.

. Blake claimed non-compliance by the chancery court with the statutory requirement to resolve all matters between the parties prior to the entry of the divorce in his first assignment of error.

.See Rounsaville, 732 So.2d at 911 (¶¶ 8-9); Walters v. Walters, 956 So.2d 1050, 1053 (¶¶ 8-9) (Miss.Ct.App.2007). See also M.R.C.P. 54(b).

. The Settlement Agreement contains the notarized signatures of both Blake and Susan and reflects a signature date of April 5, 2010, and a filing date of April 7, 2010.

. See generally Bell v. Bell, 572 So.2d 841 (Miss.1990); Prine v. Prine, 723 So.2d 1236 (Miss.Ct.App.1998).

. See M.R.C.P. 54(b).

. See Rounsaville, 732 So.2d at 911 (¶¶ 8-9); Johnston v. Johnston, 111 So.2d 453 (Miss.1998).

. "Mississippi Code Annotated section 93-5-2 allows divorcing couples to agree in writing to all child-custody, child-maintenance, and property-rights issues, subject to the chancellor finding the provisions of their agreement adequate and sufficient.... [I]f the parties cannot agree on particular child-custody, child-maintenance, or property-rights issues, they may consent to be divorced and permit the chancellor to decide the particular issues not agreed upon.” Curtis, 59 So.3d at 628 n. 1.

. See Rounsaville, 732 So.2d at 911 (¶¶ 8-9); Johnston, 722 So.2d at 457 (¶¶ 6-10); Curtis, 59 So.3d at 628 (¶ 16); Walters, 956 So.2d at 1053 (¶ 9).

. Blake also asserts that the Judgment for Contempt and Other Relief is void because of improper venue and lack of personal jurisdiction. Blake contends that the summons issued by the Chancery Clerk of Hancock County commanded him to appear and defend against Susan's Complaint for Contempt and Other Relief in the Chancery Court of Harrison County, rather than the county of his *159 residence and the county of divorce, Hancock County. Blake’s arguments are misplaced, however, because Harrison County is located in the same judicial district as Hancock County. Therefore, the proceedings held by the Hancock County Chancery Court in the courtroom of the Chancery Court of Harrison County were held in an appropriate venue, see Parks v. Parks, 914 So.2d 337, 342 (¶ 12) (Miss.Ct.App.2005), and the summons issued by the Chancery Clerk of Hancock County was proper. See State of Mississippi Judiciary Directory and Court Calendar (2011) (The Chancery Court of the Eighth Chan-eery District includes Harrison (First and Second Judicial Districts), Hancock, and Stone Counties.). Furthermore, we recognize that the Hancock County Chancery Court had personal jurisdiction over Blake because "chancery courts have on-going personal jurisdiction over parties to a divorce proceeding.” Dennis v. Dennis, 824 So.2d 604, 610 (¶ 16) (Miss.2002).

. See Curtis, 59 So.3d at 629 (¶ 22) ("[I]n contested matters that have yet to be resolved, Rule 5(b) notice 'is all that is required for setting a hearing in the process for reaching the final judgment.’ ”).

. See Miss.Code Ann. § 11-51-12(1) ("A person ordered by any tribunal, except the Supreme Court, to be punished for a civil contempt, may appeal to the court to which other cases are appealable from said tribunal.”).

. See Walters, 956 So.2d at 1053 (¶¶ 8-9). See also M.R.C.P. 54(b).