CARLTON, J.,
dissenting:
¶ 24. I respectfully dissent from the majority’s opinion. The majority errs in stating that the alimony awarded in this case is periodic alimony and therefore subject to modification. The agreement incorporated into the divorce decree specified a duration of monthly alimony payments in providing that Hollis would pay Baker alimony until either of their deaths, and the agreement provided that if Baker died, then Hollis was required to make the payments to their minor child instead of Baker.[1] The agreement in the divorce decree did not order a monthly payment amount with no fixed duration or payment period, such that the termination date would be set by operation of law upon the death of either party. Therefore, the majority errs in identifying and treating the alimony award as periodic alimony, which is subject to modification. See East v. East, 493 So.2d 927, 931-38 (Miss.1986).
¶ 25. The agreement incorporated into the divorce decree specifies termination events and contains an expressly defined duration, and the terms fail to identify remarriage of Baker as a termination event.[2] Hollis cannot now rewrite their prior agreement incorporated into the underlying divorce decree. The failure of the agreement, incorporated into the decree, to use the words “lump sum” is not fatal. Cunningham v. Lanier, 589 So.2d 133, 137 (Miss.1991); Bowe v. Bowe, 557 So.2d 793, 794-95 (Miss.1990)(finding that provision included in the divorce judgment requiring husband to pay wife $5,000 in monthly installments of $200 per month constituted lump-sum alimony, rather than periodic alimony).
¶ 26. In Chroniger v. Chroniger, 914 So.2d 311, 315 (¶¶ 13-14) (Miss.Ct.App.2005), this Court recognized that even though alimony may have a superficial similarity to payments of periodic alimony, the alimony award of thirty-six fixed monthly payments in fixed amounts constituted lump-sum alimony, not subject to modification. “[W]hat is commonly referred to as lump[-]sum alimony is that ordered by a court in such form and manner that from the outset it becomes fixed and irrevocable.” Bowe, 557 So.2d at 795. “Lump[-]sum alimony may be payable in a single lump[-]sum or in fixed periodic installments. It may be payable in cash or in kind or in combination thereof.” Id.
¶ 27. Based on the foregoing, I respectfully dissent.
BARNES, J., JOINS THIS OPINION. FAIR, J., JOINS THIS OPINION IN PART.

. Chroniger v. Chroniger, 914 So.2d 311, 315 (¶ 13) (Miss.Ct.App.2005) (monthly payments in fixed amount agreed to in property settlement were clearly lump-sum alimony and not subject to modification).

. See, e.g., Boone v. Boone, 80 So.3d 150, 156 (¶ 20) (Miss.Ct.App.2012) (“Property settlements that are incorporated into a divorce decree become part of the final judgment for all legal intents and purposes.”).